UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE JACK (#120229)** | **CIVIL NO. 6:16-00988; SEC. P** |
| **VERSUS** | **JUDGE JAMES** |
| **ROBERT TANNER** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Clarence Jack filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on July 6, 2016. Petitioner was convicted of the July 7, 1987 second degree murder of Kerry Johnson by the Sixteenth Judicial District Court for St. Mary Parish, Louisiana. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.

By this Petition, Jack claims that he recently discovered that Austin Connor, who was related to Jack and with whom Jack had a bad relationship, was a member of the grand jury which indicted him and that Mr. Connor's presence on the grand jury biased the other grand jury members thereby denying Jack due process.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background

On July 29, 1987, petitioner was indicted for the second degree murder Kerry Johnson, in violation of La. R.S. 14.30.1. Jack was convicted, as charged, following a trial by jury and was thereafter sentenced to life imprisonment.

Petitioner's conviction and sentence were affirmed on direct appeal by the Louisiana First Circuit Court of Appeal on December 19, 1989. *See State v. Jack*, 554 So.2d 1292 (La. App. 1 Cir. 1989). The Louisiana Supreme Court denied writs on April 20, 1990. *State v. Jack*, 560 So.2d 20 (La. 1990).

The record reveals that petitioner has filed ten state applications for post-conviction relief. [rec. doc. 5-2, pg. 8]. During an April 20, 2011 hearing on one such application, petitioner states that he advised the trial court that he discovered Austin Connor was a grand juror on the panel who indicted him and that Mr. Connor was biased against him. [rec. doc. 5-1, pg. 11]. Mr. Connor is allegedly related to Jack "by blood" and the two allegedly had "a very rocky relationship with one another." [*Id*. at pg. 12]. The Court allegedly told Jack that he needed proof of the alleged bias. [*Id*. at pg. 11].

Jack then allegedly asked family members to speak with Mr. Connor to "find out what they could concerning Connor's presence" on the grand jury. [*Id*. at pg. 12]. Jack later received the November 24, 2014 and October 24, 2014 affidavits of his

brother and sister, respectively, who are also cousins of Austin Connor, which state that on October 2, 2014, Mr. Connor told them that he sat on Jack's grand jury. " [*Id.* at pg. 12; rec. doc. 5-2, pg. 2 and 3].

The record further reveals that on March 4, 2013, a deputy minute clerk of the Sixteenth Judicial District Court for St. Mary Parish, Louisiana certified a copy of the July 29, 1987 grand jury report wherein petitioner was indicted, along with a copy of the list of grand jurors for the term beginning March 4, 1987. These documents were apparently received following a public records request.

On December 1, 2014, petitioner allegedly filed an application for post-conviction relief in the trial court based on this evidence. The application was denied by the trial court on February 9, 2015. On March 16, 2015, petitioner allegedly sought writs in the First Circuit Court of Appeal, which allegedly denied writs on June 22, 2015, under Docket No. 2015-KW-0479. On July 5, 2015, petitioner allegedly sought writs in the Louisiana Supreme Court, which were denied on June 17, 2016. *State ex. rel. Clarence Jack v. State of Louisiana*, 15-1341 (6/17/16), 194 So.3d 600.

Petitioner did not submit to this Court dated copies of his post-conviction filings or the rulings of the trial court or appellate courts regarding same. However, the Louisiana Supreme Court's opinion denying Jack's writ application states in

pertinent part, "The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La. C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189." *State ex rel. Jack v. State, supra.*

## Law and Analysis

### *Federal One-Year Limitation Period*

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for the filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . . " 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period (*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v.*

*Johnson*, 154 F.3d 196, 199 (5th Cir.1998)) and, of course, the limitations period is tolled only for as long as the state application remains "properly filed" and pending in the state's courts. *See Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

In light of the above procedural history, it is clear that the instant petition has been filed well over one year from the date petitioner's conviction became final. Moreover, even with the benefit of statutory tolling, more than one year elapsed while petitioner had no properly filed application for post-conviction relief pending. Thus, under 28 U.S.C. § 2244(d)(1)(A) the petition is time-barred.[1]

---

[1] Under 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final after the delay for seeking direct review in the United States Supreme Court expired, that is, at the latest, on July 20, 1990, 90 days after the Louisiana Supreme Court denied writs on direct appeal. *See* Supreme Court Rule 13; *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003).

Petitioner may have statutorily tolled the limitation period pursuant to § 2244(d)(2) while his first nine applications for post-conviction relief were pending. However, his last such application, allegedly filed on December 1, 2014 was ultimately construed by the Louisiana Supreme Court to have been untimely filed pursuant to Louisiana Code of Criminal Procedure article 930.8, citing both the article and *State ex rel. Glover v. State*, 93–2330, 660 So.2d 1189 (La.9/5/95) as the basis for its decision. Thus, the one-year federal limitation period was not statutorily tolled during the time period that this proceeding remained pending because the pleading cannot be deemed a "properly filed" application for post-conviction relief under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" so that when the state courts reject a state application for post-conviction relief as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling pursuant to §2244(d)(2)); *Wardlaw v. Cain*, 541 F.3d 275, 278 (5th Cir. 2008) *citing Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)."). The instant petition was not filed until July 6, 2016.

To the extent that petitioner may contend that this petition is timely under 28 U.S.C. § 2244(d)(1)(D), which provides that the federal one year limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence", that argument is unavailing.[2] Petitioner has admittedly, since the April 20, 2011 post-conviction hearing, known that Mr. Connor sat on his grand jury. He did not receive evidence supporting that claim, however, until at the earliest, March 2013 and at the latest, October or November 2014 when he received the Clerk's certified documents and the affidavits of his brother and sister, respectively. Further, petitioner obviously has known of the bad relationship he shared with Mr. Connor since the time of the 1987 murder.

It appears that petitioner confuses his knowledge of the factual predicate of his claim, that his estranged relative Austin Connor sat on his grand jury, with his receipt of evidence supporting that claim, the implication being that the one-year period of limitations did not begin to run until the date petitioner "discovered" the documents verifying that claim. "Section 2244(d)(1)(D) does not, however, convey a statutory

---

[2] The other subdivisions of § 2244(d)(1) do not even arguably apply in this case. Nothing supports an argument that any State created impediments prevented the filing of this petition, nor do petitioner's claims rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B) and (C). Accordingly, these subsections are not addressed herein.

right to an extended delay . . . while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196,199 (5th Cir. 1998).[3] To the contrary, under Section 2244(d)(1)(D), the applicable date is the date on which vital facts are first discovered, not when evidence to support those facts is first acquired. *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) *citing Flanagan*, 154 F.3d at 199 (§ 2244(d)(1)(D) runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim"); *see also Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2003) *citing Tate v. Pierson*, 177 F.Supp.2d 792, 800 (N.D. Ill. 2001) *citing Flanagan*, 154 F.3d at 198-199 ("[I]t is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could

---

[3] In *Flanagan*, the *habeas* petitioner was convicted in 1989 and his judgment of conviction became final in February 1991 when the delays for seeking further direct review expired. He filed his federal *habeas* petition on April 24, 1997, claiming that he was not informed of his right not to testify at his state court trial. He also argued that the limitations period did not begin to run until November 1996, the date he obtained an affidavit from his trial counsel in which counsel claimed to have no recollection of advising petitioner of his right to refuse to testify. The Fifth Circuit rejected his claim as follows, "Flanagan argues that the lawyer's affidavit forms part of the factual predicate of his suit because, by not conclusively negating the proposition, the affidavit implicitly supports Flanagan's claim that he was not informed of his right not to testify. Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. Trial counsel's affidavit neither changes the character of Flanagan's pleaded due process claim nor provides any new ground for Flanagan's federal *habeas* petition. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d at 198-199.

have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." "[If] new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)*.*" *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012).

Moreover, "a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008); *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (per curiam) (applying the analogous provision applicable to federal prisoners, 28 U.S.C. § 2255(f)(4)). Petitioner has failed to explain why he was unable to obtain the factual information contained in the documents received via his public records request or his brother's and sister's affidavits at an earlier date. Indeed, over three and one-half years inexplicably passed between petitioner's April 2011 hearing and the receipt of his siblings' October and November 2014 affidavits. Given that petitioner knew Mr. Conner sat on his grand jury in April 2011 and further obviously knew since the time of the 1987 murder that he and Mr. Connor had a bad relationship, the Court cannot envision any reasonable explanation as to why petitioner did not assert his claim by

8

state post-conviction application in 2011. Instead, he waited over three and one-half years before asserting his claim.

For these reasons, the undersigned finds that petitioner has failed to establish that he could not, by exercising due or reasonable diligence, discover the factual predicate of his claim prior to December 2014 when petitioner filed his state post-conviction application asserting his claim based on Mr. Connor. Accordingly, §2244(d)(1)(D) affords petitioner no relief.

In light of the above, giving petitioner the benefit of every doubt, it is clear that the instant federal *habeas* petition is statutorily time-barred, and dismissal on that basis is appropriate.

*Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005). Further, "[a] petitioner's failure to

satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) *citing* *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir.2000).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not so extraordinary so as to provide a basis for equitable tolling. Moreover, even if they were, in accordance with the above analysis, petitioner has not shown that he pursued his rights diligently, or that the alleged extraordinary circumstances prevented him from timely filing his federal *habeas* claims.

## Conclusion

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.


**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Lafayette, Louisiana, this 19th day of September, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE